**United States District Court**
For the Northern District of California

1

2

3

4

5 IN THE UNITED STATES DISTRICT COURT

6

7 FOR THE NORTHERN DISTRICT OF CALIFORNIA

8 GENERAL NANOTECHNOLOGY, LLC,                      No. C 05-01403 WHA
  a California Limited Liability Company,
9
            Plaintiff,
10
                                                    **ORDER GRANTING LEAVE**
11    v.                                            **TO AMEND COMPLAINT AND**
                                                    **VACATING HEARING**
12 KLA-TENCOR CORPORATION, a Delaware
   Corporation, and TOHO TECHNOLOGY
13 CORPORATION, a Japanese Corporation,

14          Defendants.
                                            /
15

16          In the action alleging copyright and patent infringement, the complaint accuses

17 defendants of infringing United States Patent Nos. 6,144,028; 6,281,491; 6,242,734; 6,229,138;

18 6,369,379 and 6,232,597.  On September 30, 2005, plaintiff General Nanotechnology, LLC

19 sought leave to file a first amended complaint.  Counsel was advised that the Court was treating

20 this motion as one for administrative relief pursuant to Civil Local Rule 7–11.  An opposition

21 was timely filed.

22          Plaintiff seeks to amend its complaint to (1) add allegations regarding United States

23 Patent Nos. 6,396,054 and 6,515,277; and (2) withdraw its allegations regarding the '138 patent

24 and the '597 patent.  Defendant KLA-Tencor Corporation opposes this motion, arguing that if

25 plaintiff wishes to withdraw any infringement claims, it should dismiss them with prejudice.

26 Defendant further alleges that plaintiff's failure to provide preliminary infringement contentions

27 concerning the '138 patent and the '597 patent amounts to an admission of non-infringement.

28          "In the absence of any apparent or declared reason — such as undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

**United States District Court**
For the Northern District of California

1 previously allowed, undue prejudice to the opposing party by virtue of allowance of the

2 amendment, futility of amendment, etc. — the leave sought should, as the rules require, be

3 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); FRCP 15(a).  If, however, the

4 deadline for seeking leave to amend has passed, FRCP 16(b) allows a party to seek relief from

5 court-imposed deadlines only upon a showing of good cause.  *Coleman v. Quaker Oats Co.*, 232

6 F.3d 1271, 1294 (9th Cir. 2000).  The liberal policy regarding amendment of pleadings no

7 longer applies; instead, the focus is on the diligence of the party seeking amendment.  *Ibid.*

8         Because leave to amend was sought before the deadline set forth in the case

9 management order, FRCP 15(a) applies.  Accordingly, plaintiff's motion is **GRANTED**.  The

10 first amended complaint must be filed by October 11, 2005.  Should it choose to continue

11 asserting infringement of the '138 patent and  the '597 patent, however, plaintiff must serve its

12 preliminary infringement contentions by the same day.  (Plaintiff is warned that litigation

13 strategy would *not* qualify as good cause under FRCP 16(b), should it attempt to re-introduce

14 such claims at a later date.)  Defendant KLA-Tencor Corporation shall have ten days after the

15 first amended complaint is filed to file a responsive pleading thereto.  The hearing currently

16 scheduled for **NOVEMBER 10, 2005 AT 8:00 A.M.**, is **VACATED**.

17

18         **IT IS SO ORDERED.**

19

20 Dated:  October 6, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2